ERASME LE GOASTER *v*. EMILE BARTHE, Syndic of Camille
Suppo de Valletti.

Simulated or fraudulent sales cannot be inquired into, by commencing by seizure and
  treating them as nullities.

Plaintiff, claiming certain lots of ground, obtained an injunction to prevent the syndic
  from selling them as the property of the insolvent, and prayed for its perpetuation,
  and for a judgment upon his title. The syndic having answered, plaintiff filed a sup-
  plemental petition alleging that the sale, under which the insolvent set up title to
  the property, was simulated. On an exception that the supplemental petition tend-
  ed to change the issue : *Held*, that the action was originally petitory, and the sup-
  plemental petition correctly admitted.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
*Preaux* and *D. Seghers*, for the plaintiff.

*J. F. Pepin*, for the appellant.

BULLARD, J. The plaintiff asserts title to certain city lots, and
on representing that the syndic of the creditors of De Valletti is
about selling them as the property of the insolvent, prayed for and
obtained an injunction to prevent the sale. He asked for a judg-
ment upon the title, and that the injunction might be made per-
petual.

The defendant answered by denying the allegations in the peti-
tion, and, further, by averring that the lots belonged to De Valletti
previous to his failure, and were surrendered by him to his credi-
tors, to whom they now belong ; that even admitting that the plain-
tiff did, by virtue of an order of seizure and sale, in a suit against
Rillieux, cause said lots to be sold and purchased them himself,
yet that such sale was not binding on De Valletti, who was then
owner, because he was not made a party to the suit, and because
the previous formalities to be observed in cases where the property
is in the hands of third persons, had never taken place.

The plaintiff, thereupon, amended his petition by averring that
the pretended sale from Rillieux to De Valletti, was a mere simu-
lation, intended to defraud the petitioner. He avers that De Val-
letti was a party to the suit in which the judgment was rendered,
on the execution whereof the property was sold by the sheriff ;
that the sale was made without opposition from De Valletti, and

that he did not make any opposition to the monition upon which the sale has since been homologated.

To this petition an answer was filed by the syndic, excepting to the supplemental petition as tending to change the issue, and pleading a general denial and that all the. parties interested have not been brought in.

The facts as disclosed in the record are, that Le Goaster sold the lots to Rillieux, and that the notes given for the price were endorsed by Barthe, the present syndic. Suit was brought against the drawer and endorser, praying that the lots might be sold to pay the price. The drawer and endorser answered jointly. Judgment was rendered against them *in solido*. They appealed, and De Valletti became their security on the appeal bond. The judgment was affirmed, with damages, and afterwards the lots were seized and sold, and Le Goaster became the purchaser, who prosecuted a monition, and, there being no opposition, the sale was homologated.

On the other hand, it appears that Rillieux sold a part of the property to Perrault, and that it was subsequently acquired by Barthe, by exchange, in 1836. Barthe shortly afterwards sold to De Valletti, and about the same time De Valletti acquired the other part of the same property from Rillieux. The conveyances were recorded in the office of the Register of Conveyances, on the 23d October, 1839, a few days after the protest of Rillieux's notes to the plaintiff.

Thus it appears that the title was apparently in De Valletti, at the time the present plaintiff recovered his judgment against Rillieux and Barthe, and that De Valletti was surety on the appeal bond. When the seizure took place, De Valletti took no steps to protect his possession as a third possessor, but suffered the property to be sold as still belonging to Rillieux, the original purchaser. It is clear that the title of De Valletti would have been cut off by the sheriff's sale, if he had had notice of the proceeding, and an opportunity to elect whether he would pay off the mortgage of Le Goaster, or suffer the property to be sold.

De Valletti, the insolvent, in one of the acts of sale, not only acknowledges the existence of Le Goaster's mortgage, but assumes

Le Goaster v. Barthe, Syndic.

to pay $1400 of the amount still due, as a part of the price of his own acquisition.

The record further shows that De Valletti was the surety of Rillieux and Barthe on the appeal bond. After the sale of the lot under execution, a rule was taken upon him to show cause why he should not pay to the plaintiff the sum of $431 40, being the amount due on the judgment rendered in the case, the property seized not having been sufficient to satisfy the amount of the judgment in capital, interest, and costs, as appeared by the return of the sheriff. This rule was served upon De Valletti, and informed him of the sale of the lots by the sheriff; but it does not appear that any thing further was done.

Nor did De Valletti make any opposition to the homologation of the sale. We are not, however, prepared to say that the proceedings on the monition cured the defect in the plaintiff's title, resulting from not having made De Valletti a party, as third possessor, in the hypothecary proceedings. It is mentioned as furnishing a presumption that the sale to De Valletti was a mere simulation. The question then arises, could such evidence be admitted in this case? And that depends upon the question, whether the amended petition, alleging the simulation of the sale to De Valletti, was properly admitted. We concur with the Parish Court in the opinion that it was. If that allegation had been inserted in the original petition, it would not have been liable to any objection, and would have brought the validity of De Valletti's pretended title directly in issue. Those decisions of the court which go to show that simulation and fraud cannot be enquired into, by commencing by a seizure and treating them as nullities, are not applicable to this case. This action was originally petitory, and the plaintiff may well have asserted the nullity of the pretended title under which the defendant holds. He has done so by the amendment, and all the parties having any interest in the question are before the court. 8 Mart. N. S. 438.

All the circumstances attending these transactions prove, to our satisfaction, that the sale to De Valletti was not real, but simulated, and that the plaintiff has made out his title.

*Judgment affirmed.*